In the Matter of ANONYMOUS.

No. 79S00–9205–DI–345.

Supreme Court of Indiana.

Oct. 13, 1994.

**DISCIPLINARY ACTION**

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission filed a *Verified Complaint for Disciplinary Action* charging a respondent with violating *Professional Conduct Rules 1.16(a)(1) and 3.4(c)*. *Professional Conduct Rule 1.16(a)(1)* prohibits an attorney from representing a client when the representation will result in violation of the *Rules of Professional Conduct*, while *Prof.Cond.R. 3.4(c)* provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal. The complaint alleged that the respondent entered his appearance on behalf of a client after the respondent had been suspended from the practice of law for failure to meet continuing legal education requirements.

This Court reviewed this case and entered final judgment, finding that the respondent practiced law after being suspended for failure to meet his continuing legal education

requirements. The respondent had ceased the practice of law for some seven years and was pursuing other interests when he agreed to help a friend resolve some chronic legal problems. The respondent entered his appearance as an attorney in a pending legal action and fully intended to represent his friend. The respondent was aware that the Indiana Supreme Court had adopted rules for mandatory continuing legal education and that he had to accumulate 36 hours within a three year period in order to remain in good standing. He did not accumulate the necessary hours and, in 1989, he was suspended from the Bar by virtue of this failure. The Clerk of the Indiana Supreme Court mailed the order of suspension to respondent's last known address furnished to the Clerk. After the respondent entered his appearance as indicated above, opposing counsel advised the respondent that he believed that the respondent was formally suspended from the practice of law. Thereafter, the respondent met his continuing legal education requirements and was reinstated. As a result, this Court issued a private reprimand admonishing the respondent for his misconduct.

This anonymous opinion is intended to set forth clearly our policy in regard to cases involving the practice of law after suspension. The above cited rules of professional conduct provide one avenue through which the Disciplinary Commission may seek to pursue misconduct of this nature. Although, in this case, we elected to treat this respondent's conduct as a violation of the *Code of Professional Responsibility for Attorneys at Law,* the traditional and preferred practice is for us to review such conduct within the context of a contempt proceeding before this Court. The contempt process affords a more direct and effective means of addressing violations of this Court's orders of suspensions and disbarment, regardless of the underlying reasons for the suspension. Henceforth, this Court will require such actions to be initiated in the form of contempt proceedings before this Court.

DeBRULER, J., not participating.